IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Andre Terrance Auls, #292567, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:11-2930-MBS-JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Levern Cohen, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Andre Terrance Auls ("Auls"), is an inmate with the South Carolina Department of Corrections serving a sentence of sixteen years for assault and battery with intent to kill ("ABWIK), five years for resisting arrest, and five years for possession of a firearm or knife during a crime of violence, all to run consecutive. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 21, 2011.[1] Respondent filed a return and motion for summary judgment on March 7, 2012. Because Auls is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on March 8, 2012 explaining to him his responsibility to respond to the motion for summary judgment. Auls filed his response to Respondent's motion on April 9, 2012.

## Background and Procedural History

Auls was a suspect in a Greenwood armed robbery. The South Carolina Court of Appeals summarized the trial evidence of the facts involved in this case:

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

> On July 31, 2002, four city police officers went to a residence to arrest Andre Terrance Auls. When they arrived, one officer, Peppers, was sent to the back of the residence to ensure that Auls would not flee. The other three officers approached the front porch of the residence and asked Auls to come off the porch and into the front yard to speak with them. Auls complied, and the officers instructed him to put his hands on the hood of the police car. Auls followed the instruction, but the officers testified that when he was told he was being arrested, he stood up, reached behind his back and pulled a gun from the waistband of his pants. A struggle between Auls and the officers ensued, and Officer Atkins was shot in the hip.
>
> Officer Peppers responded from behind the house and called for backup. With Officers Gray and Butler continuing to struggle with Auls, the backup officer (Pratt) arrived and pepper sprayed Auls, whereupon he was subdued. The police arrested Auls and charged him with resisting arrest with a deadly weapon, assault and battery with intent to kill (ABWIK), and possession of a firearm during the commission of a violent offense.
>
> A Greenwood County jury found Auls guilty of all charges. The trial judge sentenced Auls to consecutive prison terms of five years for resisting arrest with a deadly weapon, sixteen years for assault and battery with intent to kill, and five years for possession of a firearm during the commission of a violent offense.

(State v. Auls, 2007-UP-078 (Ct.App. Filed February 13, 2007)). (App. 464).

Auls was charged with the armed robbery[2] as well as resisting arrest, ABWIK, and possession of a firearm during a crime of violence. Auls pled guilty to the charges stemming from the armed robbery on April 14, 2003. He was sentenced to fifteen years for armed robbery and lesser concurrent sentences for the other charges related to the armed robbery.[3]

On May 24, 2004, Auls proceeded to trial on the charges stemming from his arrest. He was represented by E. Charles Grose, Jr., Esquire. The jury found Auls guilty and he was sentenced.

An appeal was filed by the South Carolina Commission on Indigent Defense raising the following issue:

---

[2]Auls was also charged with possession of a firearm by a person under the age of 21 and possession of a firearm during the commission of a violent crime.

[3]In the present petition, Auls does not challenge the armed robbery related convictions.

Did the trial court err in giving instructions to the jury that improperly commented upon the facts of the case and prejudiced appellant?

Auls' convictions were affirmed by the South Carolina Court of Appeals. *Id.*

On July 12, 2007, Auls filed an application for post-conviction relief ("PCR"). (App. 467). An evidentiary hearing was held on April 1, 2008. (App. 481). Auls was represented by James C. Johnson, Esquire. A written order of dismissal was entered on August 14, 2008. (App. 613). A Johnson[4] petition for a writ of certiorari was filed on Auls' behalf raising the following issue:

> Trial counsel erred in failing to move to quash the indictment prior to the swearing in of the jury because the indictment was defective as it contained an offense which the solicitor chose not to prosecute petition on in the case.

Auls filed a *pro se* brief pursuant to state procedure. The South Carolina Court of Appeals denied the petition for writ of certiorari on October 7, 2011. The Remittitur was returned on October 25, 2011.

Auls filed a second PCR on June 2, 2009. Also in that case on October 26, 2011, Auls filed a "Motion for Writ of Mandamus for Applicant's PCR Application." On December 14, 2011, the PCR court issued a conditional order of dismissal finding that the petition was untimely and successive under South Carolina law. *See* S.C.Code Ann. §§ 17-27-45 and 90. A final order was issued on February 27, 2012. There is no record that Auls appealed this decision.[5]

## Grounds for Relief

In his present petition, Auls asserts he is entitled to a writ of habeas corpus on the following grounds:

---

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

[5]Auls filed his present petition while his second PCR was pending. At the time Respondent filed his return, Auls' time to file an appeal had not run. Respondent makes no argument that the present petition violates the statute of limitations. *See* 28 U.S.C. § 2244.

3

I. Trial counsel erred by not making a motion to suppress invalid affidavit warrants.

    A. Three arrest warrants allege Officer James Marshall to be the affiant. Trial counsel failed to motion the court to a suppression of evidence that was collected in violation petitioner constitutional rights. Trial counsel knew the warrant affidavits obtain through perjury by James Marshall and that incident report or source of information provided for probable cause to issue warrant, was never recovered. App.p. 174, l. 10 - p. 185.

II. Prosecutor committed misconduct by suppressing exculpatory evidence favorable to Petitioner and to receive warrant.

    A. It was revealed through affiant James Marshall that Judge Brown created warrant affidavits from an incident report. App.p. 303, l. 2-13. To validate affiant testimony, petitioner was before court by Judge Miller at 10:14 am on August 1, 2002. App.p. 184.(arraignment form). Upon a Rule 5 request it clearly states only incident report on file was prepared at 2:10:59 August 1st 2002. App.p. 184, l. 1-187.

III. Trial court lacked subject matter jurisdiction to convict Petitioner.

    A. Affiant James Marshall, sign warrant affidavits upon request. App.p. 303, l. 2-13. James Marshall committed perjury to receive warrant. App.p. 302- 307, l. 8. A false statement was included in warrant affidavits for probable cause to receive warrants. (See trial transcript exhibit #7). Captain Butler refutes warrants affidavits. App.p. 165. Incident report for probable cause never recovered.

IV. Trial court erred in its ruling regarding Brady.

    A. The court inquired into the identity of the affiant and instructed the solicitor to conduct a interview independent of the court proceeding. App.p. 179, l. 17- p. 180, l. 20. Affiant James Marshall stated a incident report was used to make warrant affidavits and that he didn't conduct a independent investigation because he could not say who it came from. He lacked personal information to receive warrant. App.p. 302-307, l. 8. Also, incident report was never recovered. App.p. 178, l. 1-10.

**Discussion**

As noted above, in his present petition Auls challenges only his convictions from his May 2004 jury trial relating to resisting arrest, ABWIK, and possession of a firearm. All his claims concern the arrest warrants for those offenses.[6] Respondent does not contest that Auls adequately presented these claims to the South Carolina Court of Appeals in his *pro se* brief.

Generally, the Fourth Amendment prohibits the unreasonable seizure, or arrest, of persons. The arresting officer must have probable cause to believe that the person arrested committed an offense. Beck v. Ohio, 379 U.S. 89 (1964). According to the record before this Court, the officers went to Auls' residence for the purpose of arresting him for armed robbery. Auls does not argue that the officers had probable cause for that arrest. It appears that the incident occurred while the officers were making that legal arrest. The arrest occurred on July 31, 2002. The contested warrants, charging resisting the armed robbery arrest and related offenses, were issued the next day, August 1, 2002.

The ability of a court to try a defendant for a crime is not vitiated by an illegal arrest. Gerstein v. Pugh, 420 U.S. 103 (1975). Under South Carolina law, jurisdiction to try Auls on the contested charges was not based on the warrants, but on the true bills of indictment returned by the Grand Jury. *See* S.C.Code Ann. § 17-19-10. Usually, the remedy for an illegal arrest is the exclusion of evidence, not dismissal of the indictment. United States v. Neiswender, 590 F.2d 1269 (4th Cir. ), *cert. denied* 441 U.S. 963 (1979).

---

[6] Copies of the arrest warrants are contained within a brief filed by Auls on November 30, 2011. (ECF No. 9).

The Fourth Amendment to the United States Constitution states in part, "no warrants shall issue, but upon probable cause, supported by Oath or affirmation..." Probable cause is "defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the [suspect] had committed an offense." Rogers v. Pendleton, 249 F.3d 279, 290 (2001). "An affidavit must contain sufficient underlying facts and information upon which a magistrate may make a determination of probable cause. Mere conclusory statements which give the magistrate no basis to make a judgment regarding probable cause are insufficient." Illinois v. Gates, 462 U.S. 213, 239 (1983) (citations omitted).

All that having been said, Auls does not point to any specific alleged deficiency in the arrest warrants. Instead, he argues issues with the process of the issuance of the arrest warrants. The PCR court summarized that Auls "testified primarily only about alleged inconsistencies in the affidavit provided prior to the arrest warrant." (App. 616). The PCR court concluded that Auls had not proven any deficiency in the warrants. *Id.*

### 1. Ineffective Assistance of Counsel

Auls asserts that his trial attorney was ineffective because he did not move "to suppress the arrest warrants." Specifically, Auls argues that the arrest warrants contained perjury. However, Auls does not rely on any false statement in the affidavit, but only on how the affidavits were prepared.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can

be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000).

("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

The PCR court considered Auls' claims, found the testimony of Auls to be not credible and the testimony of counsel to be credible.[7] The PCR court applied the Strickland test and found that Auls had failed to show error or prejudice.

### 2. Prosecutorial Misconduct

Auls asserts that the Solicitor failed to disclose exculpatory evidence. Specifically, Auls asserts that testimony at trial concerning the preparation and issuance of the arrest warrants contradicted some of the information obtained in discovery. This issue was raised in the PCR. The PCR court concluded that this was a direct appeal issue and denied relief on that basis. The PCR court noted that counsel received discovery, a Brady hearing was held, and that Auls had not presented any evidence of prosecutorial misconduct.

Brady v. Maryland, 373 U.S. 83 (1963) requires the prosecutor to reveal any exculpatory evidence to the defense. Assuming that the inconsistencies described above were exculpatory, there is nothing in the record before this Court to suggest that the Solicitor knew, or should have known, that a witness would offer testimony that differed slightly in times as to the preparation and issuance of the arrest warrants.

### 3. Subject Matter Jurisdiction

Auls asserts that the trial court did not have subject matter jurisdiction to try him due to the effective warrants. This issue was addressed and rejected by the PCR court.

---

[7]Counsel testified that he believed the warrants to be valid.

The criminal jurisdiction of the Circuit Courts in South Carolina is established by Article V, § 11 of the South Carolina Constitution ("The Circuit Court shall be a general trial court with original jurisdiction in ...criminal cases"). Subject matter jurisdiction is the authority of a court to hear and determine cases of the general class to which the proceedings in question belong. Dove v. Gold Kist, Inc., 442 S.E.2d 598 (S.C. 1994) and State v. Gentry, 610 S.E.2d 494, 498 (S.C. 2005). The Circuit Court gains subject matter jurisdiction in a criminal case in one of three ways: "(1) the grand jury true bills an indictment which sufficiently states the offense; (2) the defendant waives presentment in writing; or (3) the offense is a lesser included offense of a crime adequately charged in a true bill of indictment." State v. Gonzales, 600 S.E.2d 122, 124 (Ct. App. 2004).

A court's jurisdiction over the subject matter of a proceeding before it is fundamental. A party may raise lack of subject matter jurisdiction at any time, including on appeal for the first time. Further, the court may raise the issue *sua sponte*. Lack of subject matter jurisdiction may not be waived by the parties. Brown v. State, 540 S.E.2d 846 (S.C. 2001). The acts of a court which lacks subject matter jurisdiction are void. State v. Funderburk, 191 S.E.2d 250 (S.C. 1972).

Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. *See* Pulley v. Harris, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

### 4. Brady Motion

Auls asserts that the trial court erred in ruling on his Brady motion. The PCR court ruled that Auls had failed to establish a violation of Brady. The transcript of the Brady hearing is not part of the record before this Court. However, during the trial, the defense called the officer who served the arrest warrants on Auls. (App. 302). The officer testified as to the name officer who arrested Auls at the scene. Apparently, an incident report from which the arrest warrants were prepared stated a different officer had placed Auls under arrest for armed robbery. Counsel argued this inconsistency during his summation. (App. 340).

Auls simply has produced no evidence that a Brady violation occurred.

### Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

                                            Joseph R. McCrorey
                                            United States Magistrate Judge

Columbia, South Carolina

August 24, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).