IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Terrance Auls, #292567, ) | |
| ) | C/A No. 3:11-2930-RMG |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Levern Cohen, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Andre Terrance Auls ("Petitioner"), is an inmate in state prison and filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this matter was referred to a Magistrate Judge for all pretrial proceedings. Respondent filed a motion for summary judgment on March 7, 2012. (Dkt. No. 18). Petitioner then timely filed a response in opposition. (Dkt. No. 21). The Magistrate Judge filed a Report and Recommendation ("R&R") on August 24, 2012 recommending that this Court grant Respondent's motion for summary judgment. (Dkt. No. 25). Petitioner then filed objections to the R&R. (Dkt. No. 27). For the reasons stated below, the Court concurs with and wholly adopts the R&R of the Magistrate Judge. (Dkt. No. 25).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made

1

by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 688. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Review by this Court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so."

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

### Law/Analysis

Petitioner asserts four grounds in his habeas petition, each of which the Magistrate Judge properly determined do not afford Petitioner relief. First, Petitioner asserts trial counsel was ineffective for failing to move to suppress certain arrest warrants. Second, he asserts prosecutorial misconduct because the prosecutor suppressed exculpatory evidence. Third, Petitioner argues the trial court lacked subject matter jurisdiction. Finally, Petitioner asserts the trial court erred in denying counsel's *Brady* motion. (Dkt. No. 1).

The Court agrees with the Magistrate Judge that the PCR court reasonably applied *Strickland* in concluding that Petitioner failed to prove trial counsel was ineffective for failing to suppress arrest warrants. (Dkt. No. 17-18 at 26-28). Petitioner's trial counsel introduced the warrants into evidence in order to show inconsistencies with corresponding incident reports created by the police and to establish that Petitioner did not intend to fire his weapon while being arrested. (Dkt. No. 17-17 at 57-60). The Court finds this tactical decision by counsel is entitled to deference, *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002), and that the PCR court reasonably found both prongs of the *Strickland* test were not satisfied.

Petitioner next asserts that there must have been an incident report prepared by the police which was not revealed to the defense, and this resulted in prosecutorial misconduct. (Dkt. No. 1 at 6-7). Petitioner argues this undisclosed report was used to prepare his arrest warrant and it refuted the government's narrative of the facts surrounding his arrest. A claim of prosecutorial misconduct is reviewed to determine whether the conduct complained of so infected the trial

3

with unfairness as to make the resulting conviction a denial of due process. *United States v. Scheetz*, 293 F.3d 175, 185 (4th Cir. 2002). To prevail under this standard, Petitioner must show that "the prosecutor's remarks or conduct were improper and . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. *Id.* In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that a due process violation occurs when the prosecution suppresses evidence favorable to an accused that is material either to guilt or to punishment, irrespective of whether the prosecution acted in good faith. In this case, defense counsel testified that he believed he received all the evidence from the prosecution. Further, counsel testified that even if an undisclosed incident report existed, there was testimony at trial about how the warrant was prepared and he was able to point out inconsistencies between the warrant and the incident report that was disclosed. (Dkt. No. 17-17 at 57). On this record, the Court agrees the Petitioner failed to carry his burden to establish a violation under *Brady*, and agrees with the Magistrate Judge that Petitioner produced no evidence to suggest prosecutorial misconduct.

Petitioner's third argument, that the trial court lacked subject matter jurisdiction to convict him, is unavailing. Subject matter jurisdiction of state courts is an issue of state law, and not a proper basis for a habeas petition. *See, e.g.*, *Von Longmore v. South Carolina*, C.A. No. 9:05-CV-2112-MBS, 2006 WL 2827416, at *6 (D.S.C. Sept. 27, 2006) ("Petitioner is not entitled to federal habeas relief because the subject matter jurisdiction of a state trial court is a state law issue.").

Petitioner's fourth argument resembles his second: that the trial court erred in denying counsel's *Brady* motion. As discussed above, *Brady* held that a due process violation occurs when the prosecution suppresses evidence favorable to an accused that is material either to guilt

or to punishment, irrespective of whether the prosecution acted in good faith. *Brady*, 373 U.S. 83. Evidence is "material" if there is a reasonable probability that the proceeding would have resulted in a different outcome had the evidence been disclosed to the defense. *Strickler v. Greene*, 527 U.S. 263, 280 (1999). A "reasonable probability" under *Brady* is one that is sufficient to undermine confidence in the outcome of the proceedings. *Kyles v. Whitley*, 514 U.S. 419, 434 (1999). Petitioner argues that an undisclosed incident report existed which refuted the government's narrative of the facts surrounding his arrest. However, as noted above, defense counsel testified that he believed he received all the evidence from the prosecution. Further, counsel testified that even if an undisclosed incident report existed, there was testimony at trial about how the warrant was prepared and he was able to point out inconsistencies between the warrant and the incident report that was disclosed. (Dkt. No. 17-17 at 57). Thus, counsel was able to show the contradiction about the time of Petitioner's arrest which Petitioner asserts the undisclosed incident report would have shown. The Court therefore agrees with the Magistrate Judge that no *Brady* violation occurred.

Petitioner's objections do not alter the Court's conclusions. Petitioner again argues that counsel should have attempted to have his arrest warrants suppressed, however, counsel used the warrants as evidence in Petitioner's favor to establish inconsistencies in the testimony of the arresting officers. The Court finds this strategy is entitled to deference and therefore not a basis for ineffective assistance. (Dkt. No. 27 at 2). Petitioner also objects that his PCR counsel was ineffective (Dkt. No. 27 at 4), however, this is not a proper basis for a § 2254 petition. 28 U.S.C. § 2254(i). Finally, Petitioner's objection regarding the Magistrate Judge's "reference to something not being part of the record" has been resolved by Respondent's supplemental filings made at the direction of the Court. (*See* Dkt. Nos. 34, 39). The Court furthermore finds these

supplemental filings render Petitioner's "motion for trial transcript" (Dkt. No. 37) moot. (*See* Dkt. No. 39-1).

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 25). Accordingly, the Court GRANTS Respondent's motion for summary judgment. (Dkt. No. 18). Further, the Court DENIES Petitioner's motion for trial transcript (Dkt. No. 37) as moot.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 6, 2013
Charleston, South Carolina